DENTONS

**Kristen C. Rodriguez**

kristen.rodriguez@dentons.com
D +1 212-398-5280

Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
United States

dentons.com

May 9, 2025

**BY ECF**

Honorable P. Kevin Castel
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 11D
New York, NY 10007

Re: *Musick v. Dotdash Meredith* (1:25-cv-01718);
*Casper v. Dotdash Meredith* (1:25-cv-02613)
Defendant's Letter Request for Consolidation of Actions

Dear Judge Castel:

Defendant Dotdash Meredith, Inc. ("Defendant") respectfully asks this Court to consolidate the above-captioned actions, *Musick v. Dotdash Meredith* (No. 1:25-cv-01718) and *Casper v. Dotdash Meredith* (No. 1:25-cv-02613) (collectively, the "Actions"). The latter has recently been transferred to this Court as a related case pursuant to Rule 13 of Rules for the Division of Business Among Judges. Consolidation is appropriate here pursuant to Rule 42 of the Federal Rules of Civil Procedure and consolidation would further the efficient administration of the business of the Court. The initial pretrial conferences in both Actions are set for June 13, 2025 at 11:00 a.m. ET, and Defendant's current deadline to answer or otherwise respond to the complaints in both Actions is May 27, 2025.

Given the approaching deadlines in both cases, Defendant respectfully seeks a stay of its answers/responses to the currently pending complaints in each of the respective Actions pending the Court's decision regarding this request for consolidation. To the extent the Court determines that consolidation is appropriate, Defendant respectfully requests that it only have to respond to one consolidated complaint filed by the plaintiffs. Doing so would preserve this Court's resources, while also preserving the resources of the plaintiffs and Defendant in both Actions (together, the "Parties").

Counsel for the Plaintiffs in both Actions do not oppose consolidation.

**Factual Background**

On February 28, 2025, plaintiffs Abby Musick, Mari Cartagenova, and Kevin Mansfield filed their action on behalf of themselves and all others similarly situated against Defendant in the Southern District of New York. On March 31, 2025, plaintiff Abby Casper filed her action on behalf of herself and all others similarly situated against Defendant, also in the Southern District of New York. Although Ms. Casper did not mark her case as related to *Musick* in her civil cover sheet, on April 16, 2025, counsel for Defendant filed a "Notice of Related Case under Rule 13 of the Rules for the Division of Business Among District Judges and Request for Transfer" with Judge McMahon in the *Casper* matter. (ECF No. 8 ). Ms. Casper

(1.) By May 27 all parties shall show cause why 25 cv 1718 and 25 cv 2613 ought not be consolidated. (2.) If defendant intends to file an answer both complaints, then it may have until a time to be set at the June 13 conference to do so. If defendant wishes to move to dismiss each complaint then, it shall file its pre-motion letter by May 27, thereby permitting a more intelligent discussion at the June 13 conference. (3.) A joint letter per the Initial Conference Order is required but no Case Management Plan. SO ORDERED [signature] USDJ 5-13-25

Puyat Jacinto & Santos ▶ Link Legal ▶ Zaanouni Law Firm & Associates ▶ LuatViet ▶ For more information on the firms that have come together to form Dentons, go to dentons.com/legacyfirms

subsequently filed a notice with the Court agreeing that her case be transferred as a related case. (ECF No. 9). The request to transfer was granted on April 21, 2025.

In *Musick*, the class action complaint consists of a single count alleging that Dotdash Meredith violated the Video Privacy Protection Act (the "VPPA"), 18 U.S.C. § 2710, by disclosing the plaintiffs' personally identifiable information, as defined in the VPPA, to a third-party, Facebook, without plaintiffs' consent. *Musick* Complaint, ¶¶ 69, 72-73. That complaint alleges Defendant disclosed this information through a Facebook tracking pixel when plaintiffs watched videos on Defendant's website for People magazine (www.people.com) and Entertainment Weekly magazine (www.ew.com). *Id*. at ¶ 47. The putative class members consist of United States subscribers to Defendant's newsletters for people.com and ew.com. *Id*. ¶ 61. Dotdash Meredith is the only named defendant in that matter.

In *Casper*, the class action complaint also consists of a single count alleging that Dotdash Meredith violated the Video Privacy Protection Act (the "VPPA"), 18 U.S.C. § 2710, by disclosing her personally identifiable information, as defined in the VPPA, to a third-party, Facebook, without her consent. *Casper* Complaint, ¶¶ 40, 43. And, just as in *Musick*, Ms. Casper alleges that Defendant disclosed this information through a Facebook tracking pixel installed on its website for Entertainment Weekly (www.ew.com). *Id*. at ¶ 40. The putative class members consist of persons who have subscribed to an email newsletter from Defendant's website, ew.com. *Id*. at ¶ 1. Dotdash Meredith is the only named defendant in that action as well.

**Consolidation is appropriate here**

Federal Rule of Civil Procedure 42(a) provides, "When actions involving a common question of law or fact are pending before the court, it may . . . order all the actions consolidated . . . to avoid unnecessary cost or delay." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990), *cert. denied*, 498 U.S. 920 (1990). Consolidation of issues and claims is up to the discretion of the trial court. *Id*.; *BD ex rel. Jean Doe v. DeBuono,* 193 F.R.D. 117, 141 (S.D.N.Y. 2000). Consolidation "is permitted as a matter of convenience and economy in administration." *Id*. at 28. Further, consolidation is appropriate in putative class actions involving claims under the VPPA, especially where "each case presents virtually identical factual and legal issues." Order Granting Plaintiffs' Motion to Consolidate at 2; Appointing Interim Class Counsel, *In re Netflix Priv. Litig*., No. 5:11-CV-00379-EJD (N.D. Cal. Aug. 12, 2011), ECF No. 59.

Consolidation is appropriate here because not only are there common questions of fact and law between the two cases, but "each case presents virtually identical factual and legal issues." *Id*. Both cases arise from Defendant's alleged disclosure of plaintiffs' personally identifiable information through a Facebook tracking pixel when plaintiffs engaged with videos on Defendant's website, ew.com. Both cases involve the same factual questions, such as whether Defendant obtained plaintiffs' consent. The cases both seek the same relief under the VPPA. And both cases present overlapping legal questions, such as whether plaintiffs constitute "consumers" under the VPPA and whether the information shared constitutes "personally identifiable information" under the statute.

The interests of judicial economy would be served by consolidation here, as the Parties would avoid duplicative motion practice and discovery through consolidation. Indeed, because "the claims for each case arise from the same nucleus of activity, discovery issues relating to each action will be parallel." *Id*. The Parties would also avoid multiple trials through consolidation of the Actions. Moreover, there is no risk of delay, confusion, or prejudice that might result from consolidation, as the Actions were filed within

Case 1:25-cv-02613-PKC Document 14 Filed 05/13/25 Page 3 of 3

mere weeks of each other, the Actions are currently in the same procedural posture, neither case has progressed to the responsive pleading stage, and counsel for the plaintiffs in both Actions do not oppose consolidation. Finally, the Parties have yet to appear before this Court for the initial status hearings, which are both scheduled for June 13, 2025 at 11:00 a.m. ET.

Fundamentally, any delay from consolidation would be minimal, and consolidation would actually benefit the Parties, as consolidation would avoid unnecessarily duplicative costs and efforts for all involved.

**A stay is similarly appropriate here**

"In considering a motion to stay proceedings, the court possesses the inherent discretion to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Estate of Heiser v. Deutsche Bank Trust Co. Americas*, No. 11 CIV. 1608 AJN MHD, 2012 WL 2865485, at *2 (S.D.N.Y. July 10, 2012) *aff'd*, No. 11 CIV. 1608 AJN MHD, 2012 WL 5039065 (S.D.N.Y. Oct. 17, 2012) (internal quotations and citation omitted). In considering a motion to stay, courts will weigh (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation ... (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Id.* at *3.

Here, the Court should stay the Actions while it decides the consolidation request, and if and when the matter is consolidated, allow Defendant 30 days to respond to a consolidated complaint. The interests in judicial economy far outweigh any potential prejudice to the plaintiffs. Indeed, a stay would obviate the need for separate, premature discussions regarding potential early resolution of these Actions. A stay would also obviate the need for separate status conferences with this Court. And a stay would obviate irrelevant briefings by the Parties in two related Actions that should be consolidated as one complaint, either voluntarily or by order of this Court. In the event that the Court denies this consolidation request, Defendant requests 30 days from the Court's order to answer or otherwise plead to each of the Actions.[1]

**Conclusion**

For the foregoing reasons, Defendant Dotdash Meredith, Inc. respectfully requests that the Court enter a stay pending the Court's decision on the request to consolidate the above-referenced cases; consolidate the above-referenced cases; upon consolidation, direct Plaintiffs in both Actions to file a consolidated complaint; and upon consolidation, provide Defendant with 30 days to respond to a consolidated complaint.

Respectfully,

/s/ Kristen C. Rodriguez

cc: Counsel of record for the parties via ECF

US_ACTIVE\130307690

---

[1] Although counsel for Plaintiffs in both actions are unopposed to consolidation, they have not provided their position on the deadlines requested herein.